[722 NYS2d 260]

In the Matter of KEITH M. MERRIWETHER, III, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 26, 2001

APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Robert P. Guido* of counsel), for petitioner.

*Frank A. Doddato,* Williston Park, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing one charge of professional misconduct. In his amended answer, the respondent admitted all of the factual allegations contained in the petition. At the hearing, the petitioner's case consisted of five exhibits. The respondent testified on his own behalf and introduced two exhibits into evidence. At the conclusion of the hearing, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report. The respondent joins in the Grievance Committee's motion but argues that the sanction imposed should be limited to a public censure.

The charge alleges that the respondent was convicted of multiple crimes, in violation of Judiciary Law § 90 and 22 NYCRR 691.2.

On January 28, 2000, a Superior Court information was filed in the County Court, Suffolk County, charging the respondent with perjury in the third degree (two counts), a class A misdemeanor (Penal Law § 210.05); offering a false instrument for filing in the first degree, a class E felony (Penal Law § 175.35); forgery in the third degree, a class A misdemeanor (Penal Law § 170.05); and notary public fraud in office, a class A misdemeanor (Executive Law § 135-a). On that date, the respondent entered a plea of guilty to all of the charges, except the charge of offering a false instrument for filing in the first degree, and to the reduced charge of offering a false instrument for filing in the second degree, a class A misdemeanor (Penal Law § 175.30). On March 23, 2000, the respondent was sentenced to a one-year conditional discharge, 125 hours of community service in lieu of 30 days incarceration, and a mandatory surcharge of $90 to be paid on or before May 24, 2000.

Based on the respondent's admissions and the evidence adduced at the hearing, the Special Referee properly sustained the charge.

In determining the appropriate measure of discipline to impose, the respondent asks this Court to consider his previously unblemished record, evidence of his good moral character and excellent reputation as a lawyer, his charitable and *pro bono* activities, and his expressed remorse. The respondent also asks this Court to consider the mitigating circumstances about which he testified at the hearing, namely, the death of his brother, and the personal humiliation and punishment that he has already endured.

Although the respondent has no prior disciplinary history, he is guilty of serious professional misconduct that goes to the heart of the judicial system. His disbarment, therefore, is warranted.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and GOLDSTEIN, JJ., concur.

Ordered that the motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Keith M. Merriwether, III is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Keith M. Merriwether, III is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.